Diaz Carranza v. Garland

BIA
Nelson, IJ
A087 780 822/823

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of July, two thousand twenty-one.

PRESENT:
  SUSAN L. CARNEY,
  RICHARD J. SULLIVAN,
  JOSEPH F. BIANCO,
    *Circuit Judges.*

_____

AURA M. DIAZ CARRANZA, JOSE ANTONIO CARRANZA,
    *Petitioners,*

  v.                                          No. 20-1123

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONERS:          H. Raymond Fasano, Youman, Madeo & Fasano, LLP, New York, NY.

FOR RESPONDENT:          John F. Stanton, Trial Attorney, Office of Immigration Litigation (Maarja T. Luhtaru, Acting Senior Litigation Counsel, *on the brief*), *for* Brian Boynton, Acting Assistant Attorney General, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioners Aura M. Diaz Carranza and Jose Antonio Carranza, natives and citizens of Guatemala, seek review of a 2020 decision of the BIA affirming a 2018 decision of an Immigration Judge ("IJ"), which denied their applications for cancellation of removal. *In re Aura M. Diaz Carranza, Jose Antonio Carranza*, No. A 087 780 822/823 (B.I.A. Mar. 2, 2020), *aff'g* No. A 087 780 822/823 (Immigr. Ct. N.Y.C. May 4, 2018). We assume the parties' familiarity with the underlying facts and procedural history and refer to them only as necessary to explain our decision to dismiss.

We have considered both the IJ's and the BIA's decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005) ("Where the BIA adopts the decision of the IJ and merely supplements the IJ's decision, . . . we review the decision of the IJ as supplemented by the BIA."). Nonpermanent residents like Petitioners may obtain cancellation of removal if they meet statutory presence and character requirements and "establish[] that removal would result in exceptional and extremely unusual hardship to [their] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). To qualify as an "exceptional and extremely unusual hardship" under the statute, the hardship to a qualifying relative "must be substantially beyond the ordinary hardship that would be expected when a close family member leaves this country"; it is "limited to truly exceptional situations." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A.

2

2001).[1]  Our jurisdiction to review the agency's denial of cancellation of removal based on an applicant's failure to satisfy the hardship requirement is limited, however, to constitutional claims and questions of law.  8 U.S.C. § 1252(a)(2)(B), (D); *see also Barco-Sandoval v. Gonzales*, 516 F.3d 35, 38–40 (2d Cir. 2008).

Upon due consideration, we dismiss the petition because it raises no colorable questions of law.  *See, e.g., Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 329 (2d Cir. 2006) (noting that we lack jurisdiction if the petition for review "merely quarrels over the correctness of the factual findings or justification for the discretionary choices").

Petitioners argue that the IJ failed to consider the facts underlying Diaz Carranza's asylum claim when evaluating whether their daughter, who is a U.S. citizen, would suffer exceptional and extremely unusual hardship in the event of Petitioners' removal.  They contend that the facts of their asylum claim are relevant because Petitioners' daughter, remaining in the United States, would suffer hardship if Diaz Carranza were threatened in Guatemala. They further urge that they are more likely to be victims of government violence in Guatemala because of Diaz Carranza's past.  They claim in addition that the IJ mischaracterized the record when she stated that Diaz Carranza failed to indicate the nature of the political opinion of her student group.

While the agency's ruling may constitute an error of law if it "totally overlook[s]" or "seriously mischaracterize[s]" material facts, *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009),

---

[1]  Unless otherwise noted, in quoting caselaw, this Order omits all alterations, citations, footnotes, and internal quotation marks.

3

the record does not support Petitioners' arguments, and the errors they allege do not amount to an error of law. First, the IJ did not overlook the facts underlying Diaz Carranza's asylum application. Although the IJ denied Diaz Carranza's asylum claim as untimely, she considered the factual context when addressing withholding of removal. The IJ acknowledged that Diaz Carranza felt threatened in Guatemala because, when she was a member of a student group in the late 1980s, "some students had been kidnapped." Joint Appendix at 56. The IJ also recognized that Diaz Carranza feared that she and her children could not live safely in Guatemala. The IJ found no evidence in the record, however, that Diaz Carranza would be harmed based on her former membership in the student group, particularly because she did not identify any political basis for the group. Moreover, Diaz Carranza testified that she was never directly threatened or harmed in Guatemala. In addressing cancellation, the IJ concluded that "[t]aken cumulatively, the evidence does not establish that there is an exceptional and extremely unusual hardship to the respondent's daughter." *Id.* at 65.

The IJ's consideration of the cumulative evidence demonstrates that she took the full record into account and thus does not support a finding that she overlooked evidence. *See Xiao Ji Chen*, 471 F.3d at 336 n.17 ("[W]e presume that an IJ has taken into account all of the evidence . . . unless the record compellingly suggests otherwise."). The IJ's determination that Diaz Carranza failed to indicate the nature of her political opinion also did not seriously mischaracterize the record. Diaz Carranza described the student group as engaging in "activities against the Guatemalan government," including peace protests, distributing flyers, and taking over a building at school. Joint Appendix at 446. She identified no specific policies that the group opposed, however. *See Mendez*, 566 F.3d at 323 ("[T]he agency does

4

not commit an 'error of law' every time an item of evidence is not explicitly considered or is described with imperfect accuracy . . . .").

Petitioners next contend that the IJ erred by evaluating the hardship their daughter would suffer in the United States if Diaz Carranza were removed, mistakenly assuming that their daughter would not accompany them to Guatemala. It is true that the record includes a statement by Diaz Carranza that Petitioners' daughter would accompany them to Guatemala, and that the IJ stated the opposite in her decision. Petitioners raised this error with the BIA, however, and the BIA concluded that even if Petitioners' daughter accompanied them to Guatemala, Petitioners had not established that their daughter would suffer exceptional and extremely unusual hardship in Guatemala. The BIA properly considered the record, *see Yan Chen*, 417 F.3d at 271 (explaining that "we review the decision of the IJ as supplemented by the BIA"), and Petitioners do not challenge the BIA's finding in their brief. Any such challenge is therefore waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:

Catherine O'Hagan Wolfe,
Clerk of Court

5